## WOODWARD v. GOULD.[1]

*(Circuit Court, E. D. Missouri.   September 24, 1886.)*

**1. PLEADING—RULE WHERE THIRD AMENDED PETITION HAS BEEN ADJUDGED INSUFFICIENT—REV. ST. MO. §§ 3538, 3540.**

The provision of the Missouri practice act, that where three petitions filed in a case have been adjudged insufficient upon demurrer, or motion to strike out, no further petition shall be filed, *held* obligatory on federal tribunals in the state, and to apply in a case where the first petition had been held insufficient on a motion to make more definite, and the other two on demurrers.

**2. ASSUMPSIT—PLEADINGS—CONTRACTS.**

Opinion expressed (27 Fed. Rep. 182) in ruling on demurrer to amended petition, repeated.

At Law.   Motion to strike out and dismiss.

For opinion upon motion to make the original petition more definite, see 27 Fed. Rep. 182.   For opinion on demurrer to the amended petition, see 27 Fed. Rep. 338.

*Krum & Jonas,* for plaintiff.

*Bennett Pike,* for defendant.

TREAT, J., *(orally.)*   In the case of *Woodward* v. *Gould* the court has had presented to it two propositions.   This is a fourth amended petition.   Does it fall within the terms of the practice act of the state, which, under the act of congress, obtains here?   The whole of the statute indicates that where there have been motions to strike out, or demurrers, thrice repeated, the party is not permitted to plead further. But it so happens that one of the motions was a motion not in form to strike out,—not in form a demurrer,—but a motion to make more certain and definite.

At a very early day after that act of congress passed, requiring the federal courts to follow the practice acts of the various states so far as may be, Justice MILLER determined, and it has been followed uniformly in this court since, that the act, so far as obligatory on the federal tribunals when certain matters are asked to be stricken out for irrelevancy, cannot subject the federal courts, nor the adverse party, to the necessity of making a pleading for the party in fault; but in all such cases the court would at once require the party to state his cause of action, if he had any, properly, to-wit, make the statement of the case certain and definite, and himself eliminate from it all the irrelevant or impertinent matter.   Now, technically, there was not a motion to strike out, but a substitute for that motion. Hence the party has experimented on the court at four different times to see if he could state a cause of action recognized by any known proposition of law.

We have looked into the fourth amended petition, and find that it does not improve the plaintiff's case in the least.   It is as specula-

---

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

tive a proceeding as one could well conceive. If a great variety of matters had happened consecutively, something else might have happened whereby the plaintiff would have been benefited; but none of them ever did happen. Here was a corporation to be organized. It never was organized. There were expenditures to be made preliminary thereto, and to ascertain whether the parties would organize a corporation. Those expenditures were made, and paid by the defendant, according to the terms of the petition. Wherein, then, is the plaintiff damnified? He says that if a corporation had been formed, and this supposed valuable information which he had given had been acted upon, and the adverse party in this case had paid large sums of money, etc., he would have been enriched. It so happens, however, for reasons that the court knows nothing about, the whole enterprise collapsed on the preliminary examination. Through whose fault did it collapse? Suppose it collapsed through the fault of the defendant in not doing a great many things. What did the plaintiff do? How is he out of pocket in any respect? Not a syllable from the beginning to the end of the petition shows that he is entitled to a dollar with regard to the matter, except that if these various matters had happened, and various expenditures had been made, or moneys furnished by the defendant, he might have been benefited thereby. It falls within the rules, so well established by the supreme court of the United States, and so well known to the profession, that the law takes no cognizance of such a visionary speculative affair.

Now, for two reasons,—first, the statutory reason,—this fourth amended petition will be stricken out. The other suggestion is made by the court, which may be considered supplementary thereto, to-wit: Even if that rule did not obtain, a demurrer would lie to the petition, for it shows no cause of action for which recovery can be had. But the first becomes important in that the court shall not be obliged over and over again to consider these matters. If a party has a cause of action, let him state it. If, through formal or technical defects, something should be omitted, he has three times in which to correct that. If he cannot do it, and finally fails to state a cause of action cognizable in a judicial tribunal, he certainly ought to go out of court. Hence the motion to strike out will be sustained, and the fourth amended petition will be stricken from the record, and the cause dismissed.